

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. O. Oswalt
County Attorney
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. O-5400
Re: Illegality of transporta-
tion of beer from Oklahoma
to Texas without having
Texas beer tax stamps af-
fixed thereto and related
matters.

　　　　Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

　　　　"On the 1st day of June, 1943, the voters of
Wilbarger County voted on the question of whether
or not the sale of beer should be prohibited in
Wilbarger County, which resulted in favor of the
prohibition of the sale of beer in said County. The
Commissioners final order putting said election in
effect became effective July 7,1943.

　　　　"Wilbarger County is a border county to the
State of Oklahoma, and in which State beer may be
purchased legally.

　　　　"Article 667-23 (C) requires that beer import-
ed into this State shall have the Tax Stamp affixed
and cancelled, etc.

　　　　"Please advise whether or not it would be un-
lawful for resident of Wilbarger County, Texas, to
go to the State of Oklahoma and purchase a case of
beer for his own personal use, and transport the

same to Wilbarger County, Texas, without having Texas Tax Stamp affixed to the Carton and cancelled?"

Article 667-23, Vernon's Annotated Texas Penal Code, reads in part as follows:

"Art. 667-23, Beer tax; stamps

"(a) There is hereby levied and assessed a tax at the rate of One Dollar and Twenty-four Cents ($1.24) per barrel on all beer sold, stored, distributed, transported, or held for the purpose of sale in this State whether manufactured in or imported into this State. Said tax shall be paid and evidenced by placing stamps, which the State Treasurer is herein authorized to provide in the denominations required, on each original package as defined in this Article; provided, further that at the time said stamp is affixed the person affixing the stamp shall with indelible ink or stamp cancel the same by placing the date and the licensee's full name or initials upon said revenue stamp.

"(b) It is the purpose and intent of this Act to require the tax to be paid and the stamp evidencing same to be affixed on the first sale, distribution, storage, or transportation and at the source, to the end that it will preclude any person evading the payment of this tax. <u>Any person in possession of beer that has not been stamped in accordance with the provisions hereof shall be held to be in violation of this Article and liable for the taxes herein provided and the penalties for such violation.</u>

"(e) On beer imported into this State the duty of payment of the tax and affixing and cancelling the stamp as required herein shall rest primarily upon the importer, and it is hereby declared to be unlawful to import beer into this State unless and until said tax has first been paid and the stamp

evidencing such payment has been first affixed and cancelled as required by this Act. . . .

". . . .

"(f) It shall be unlawful to transport to destinations in this State any beer upon which tax has not been paid and such payment evidenced by stamps affixed and cancelled as required by law. . . ." (Underscoring ours)

Article 667-26, Vernon's Annotated Texas Penal Code, reads in part as follows:

"Art. 667-26. Penalty

"Any person who violates any provision of this Article shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment.

". . . ."

The case of McChristy v. State, Texas Court of Criminal Appeals, 134 S. W. (2d) 295, holds among other things that the penalty provided in Article 667-26, V. A. P. C., applies to the offense of possessing beer in an unstamped container in violation of Article 667-23, V. A. P. C.

It is our opinion under the facts stated the transportation and importation of unstamped beer (without having the proper Texas beer tax stamps affixed to the containers) from Oklahoma to Texas would be in violation of Article 667-23, V. A. P. C., supra, and subject to the penalties provided by said article and by Article 667-26, V. A. P. C. It would also be a violation of law for the Wilbarger County citizen to possess in Texas such unstamped beer under the facts stated. In this connection, see McChristy v. State, supra.

The fact that the Wilbarger County citizen imported, transported and possessed the unstamped beer for his own

personal use as a beverage would not be a lawful defense to the charge of unlawful importation, transportation or possession of unstamped beer. Such a defense would be pertinent however if the citizen was merely charged with unlawful possession of beer for the purpose of sale in dry territory.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s)

Wm. J. Fanning
Assistant

WJF:db/JCP

APPROVED JUL. 23, 1943

(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED

OPINION COMMITTEE

BY B. W. B., CHAIRMAN